IN THE UNITED STATES DISTRICT COURT OF MARYLAND
BALTIMORE DIVISION

**MARINA SHWARTZ**, et al

    Plaintiff

VS

    Case No.: 1:23-cv-00771-RDB

**BALTIMORE COUNTY GOVERNMENT,** et al

    Defendant

## MOTION TO REMAND AND FOR SANCTIONS

NOW COMES, Marina M. Shwartz, and Abraham Shwartz , "Plaintiffs'", by their attorneys KIM PARKER, ESQUIRE and THE LAW OFFICES OF KIM PARKER, P.A., and files this Motion to Remand Case to Circuit Court for Baltimore County in support thereof state:

1. Plaintiff filed the instant case on September 13, 2022, in the Circuit Court of Maryland for Baltimore County.

2. On March 20, 2023, the Defendant, Baltimore County Government removed the instant matter to this court on the basis of a Federal Question. *See record.*

3. The Removal is improper because there is no federal question for this Court to consider. Specifically, on March 13, 2023, seven (7) days prior to the Defendants filing the notice of removal, Plaintiffs' filed a Second Amended Complaint ("SAC"), which removed any and all federal claims. **See Exhibit A.**

4. The SAC is the Operative Complaint under Maryland law. See Dynacorp Ltd. v. Aramtel Ltd., 56 A.3d 631, 208 Md. App. 403 (Md. App., 2012). See also AMAJIOYI v. Hoy, No. 0400, September Term, 2022 (Md: Appellate Court Jan. 10, 2023)(An amended complaint, if filed, would serve as the operative complaint, rendering a pending motion to dismiss the original

complaint moot citing Asphalt & Concrete Servs., Inc. v. Perry, 221 Md. App. 235, 267 (2015) ("An amended complaint supersedes the initial complaint, rendering the amended complaint the operative pleading.").

5. When an action is removed from state court, a federal district court is required to first determine whether it has original jurisdiction over the plaintiff's claims. The burden of demonstrating jurisdiction resides with 'the party seeking removal.'" Maryland Stadium Authority v. Ellerbe Becket Incorporated, 407 F.3d 255, 260 (4th Cir.2005), citing Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir.1994). Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941). If federal jurisdiction is doubtful, a remand to state court is required. Maryland Stadium, 407 F.3d at 260.

6. Sanctions are appropriate in this case because there was no objective reasonable basis for removal, and a rudimentary review of the SAC would have confirmed same. Therefore, sanctions in the form of attorney's fees, pursuant to 28 U.S.C. § 1447(c) is proper.

**WHEREFORE,** Plaintiffs' respectfully request that this Court Remand this Case to the Circuit Court for Baltimore County, award Plaintiffs' their reasonable cost and attorneys fees and for other relief as the court may deem just and proper.

Respectfully Submitted,

\_\_/s/ Kim Parker_____
Kim Parker, Esquire
The Law Offices of Kim Parker, P.A.
Federal Bar No.: 23894
2123 Maryland Avenue
Baltimore, Maryland 21218
410-234-2621
Fax: 410-234-2612
kp@kimparkerlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that the forgoing Motion to Remand was served this 20th day of March, 2023, via the Court's ECF filing system to all counsel of record.

/s/ Kim Parker_____
Kim Parker, Esq.
Counsel for Plaintiff